UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

-------------------------------------------------------------- x
                              :

ALBERT L. MERRELL                    :

              Plaintiff,     :

        -against-      :     Civil Action No.
                          :     1:20-CV-00129-SNLJ
UNITED STATES POSTMASTER GENERAL :
MEGAN J. BRENNAN, NATIONAL ASSOC. :
OF LETTER CARRIERS, AMERICAN     :
POSTAL WORKERS UNION         :

           Defendants.    :
                          :
-------------------------------------------------------------- x

## MEMORANDUM OF DEFENDANT
## NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL-CIO
## IN SUPPORT OF ITS MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

Page(s)

PRELIMINARY STATEMENT ...................................................................................................... 1

BACKGROUND ........................................................................................................................... 1

ARGUMENT:  MERRELL's CLAIM AGAINST NALC IS TIME-BARRED ........................... 2

CONCLUSION............................................................................................................................... 5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Air Line Pilots Ass'n, Int'l v. O'Neill*,
    499 U.S. 65 (1991)........................................................................................................2

*Ballard v. Nat'l Football League Players Ass'n*,
    123 F.Supp.3d 1161 (E.D. Mo. 2015)........................................................................2

*Becker v. Int'l Bhd. of Teamsters Local 120*,
    742 F.3d 330 (8th Cir. 2014) ....................................................................................3

*Brown v. Medtronic, Inc.*,
    628 F.3d 451 (8th Cir. 2010) ....................................................................................4

*DelCostello v. Int'l Bhd. of Teamsters*,
    462 U.S. 151 (1983)..................................................................................................3

*Hansen v. Qwest Comms.*,
    564 F.3d 919 (8th Cir. 2009) ....................................................................................3

*Martin v. Am. Airlines*,
    390 F.3d 601 (8th Cir. 2004) ....................................................................................3

*Moses.com Sec., Inc. v. Comprehensive Software Sys.*
    406 F.3d 1052 (8th Cir. 2005) ..................................................................................*4*

*Natoli v. Dist. Lodge No. 837, Int'l Ass'n of Machinsts Aerospace Workers AFL-CIO*,
    2015 WL 1020002 (E.D. Mo. 2015)........................................................................3

*Scott v. United Automobile, Aerospace & Agricultural Implement Workers of Am.*,
    242 F.3d 837 (8th Cir. 2001) ....................................................................................3

*In re Senior Cottages of Am., LLC*,
    482 F.3d 997 (8th Cir. 2007) ....................................................................................5

*Skyberg v. United Food & Commercial Workers Int'l Union*,
    5 F.3d 297 (8th Cir. 1993) ........................................................................................3

*Taylor v. Am. Airlines, Inc.*,
    738 F.Supp.2d 940 (E.D. Mo. 2010)........................................................................3

*Vaca v. Sipes*,
    386 U.S. 171 (1967)..................................................................................................3

*Wanner v. Hormel Foods, Inc.*,
    179 F.Supp.3d 929 (D. Neb. 2016) ............................................................................................3

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ................................................................................1, 2, 4

Defendant National Association of Letter Carriers, AFL-CIO ("NALC") submits this memorandum of law in support of its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

In this *pro se* action, Plaintiff Albert Merrell ("Merrell"), a letter carrier employed by the United States Postal Service ("USPS"), alleges that USPS management assigned him the wrong seniority date, which allegedly affected his ability to bid successfully on job assignments.  He further alleges that NALC, his union, improperly cooperated with management and also prevented him from grieving management's action.

A claim by an employee that his union failed to represent him properly constitutes a claim for breach of the duty of fair representation ("DFR").  The statute of limitations for a DFR claim is six months.  Merrell's complaint contains allegations about events that happened years ago, but makes no allegation of any act or omission by NALC in the six months preceding his June 10, 2020 complaint.  Accordingly, his claim against NALC is time-barred and should be dismissed.

## BACKGROUND

In his complaint, Merrell makes the following allegations:  He began his employment with USPS in Charleston in August 1993.  *See* Docket Entry #1-4, at 1.  In February 2012, he moved to a different post office, in Silkeston, and joined the letter carrier craft.  *See id.*  Sometime in 2015, he asked the union to file a grievance for him. *See id*. at 2.  The union representatives allegedly told him that they would look into the

situation, and they continued to give him that same response through November 2017. *See id.*

In January 2018, USPS management, allegedly with the union's cooperation, changed Merrell's seniority date to February 2012 and then eventually to November 2014.  *See id.*  The use of that seniority date, instead of his August 1993 seniority date, allegedly precluded him from obtaining positions on which he bid.  *See id.* On January 19, 2019, Merrell bid on a position, but was unsuccessful, because his August 1993 seniority date was not accepted.  *See id.*  He alleges that this outcome was caused by USPS management, "with union cooperation."  *Id.*

Merrell alleges that, by its actions, USPS violated the collective bargaining agreement.  *See* Docket Entry #1-4, at 1.  He also alleges that NALC "precluded" him from filing a grievance over the matter.  *See id.*; *see also* Docket Entry #1-7.

His complaint alleges no act or omission by NALC within six months of June 10, 2020, the date he filed his complaint.

## ARGUMENT:  MERRELL's CLAIM AGAINST NALC IS TIME-BARRED

Merrell's claim against NALC -- that NALC improperly cooperated with USPS management, resulting in his receiving the wrong seniority date, and also precluded him from filing a grievance over the matter -- constitutes a DFR claim.  The DFR applies to *any* claim by an employee that his union failed to represent him properly. *See Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (DFR "applies to all union activity"); *accord Ballard v. Nat'l Football League Players Ass'n*, 123 F.Supp.3d 1161, 1167 (E.D. Mo. 2015).  In particular, the DFR applies to claims by an employee

against a union regarding grievance processing.  *See Vaca v. Sipes*, 386 U.S. 171, 190-91 (1967); *Hansen v. Qwest Comms.*, 564 F.3d 919, 924 (8th Cir. 2009) (DFR may be violated when union fails to take grievance to arbitration); *Martin v. Am. Airlines*, 390 F.3d 601, 606 (8th Cir. 2004); *Natoli v. Dist. Lodge No. 837, Int'l Ass'n of Machinsts Aerospace Workers AFL-CIO*, 2015 WL 1020002, at *3 (E.D. Mo. 2015) ("one example of a breach of the duty of fair representation is when a union arbitrarily ignore[s] a meritorious grievance…") (citation and internal quotations omitted).

In a "hybrid" suit like this one, in which an employee sues his employer for breach of the collective bargaining agreement and his union for breach of the DFR, a six-month statute of limitations applies to the DFR claim.  *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983); *Scott v. United Automobile, Aerospace & Agricultural Implement Workers of Am.*, 242 F.3d 837, 839 (8th Cir. 2001).  The statute of limitation runs from when the employee knew or should have known of the union's alleged breach.  *See Becker v. Int'l Bhd. of Teamsters Local 120*, 742 F.3d 330, 333 (8th Cir. 2014); *Scott*, 242 F.3d at 839.  Failure of a DFR plaintiff to sue within the six-month limitations period constitutes grounds for granting the union's motion to dismiss.  *See, e.g., Skyberg v. United Food & Commercial Workers Int'l Union*, 5 F.3d 297, 302-03 (8th Cir. 1993); *Wanner v. Hormel Foods, Inc.*, 179 F.Supp.3d 929, 936 (D. Neb. 2016); *Taylor v. Am. Airlines, Inc.*, 738 F.Supp.2d 940, 945 (E.D. Mo. 2010).

Here, the bulk of Merrell's complaint concerns alleged events that occurred years before he filed his June 2020 lawsuit.  The latest date that appears in his complaint is January 19, 2019, the date he allegedly bid on a position without success.  *See* Docket

Entry #1-4, at 2.  That was nearly a year and a half before he filed suit.  Nothing in his complaint indicates or suggests that it took another year until Merrell knew or should have known of NALC's alleged cooperation with management or of its allegedly precluding him from filing a grievance.

Indeed, the collective bargaining agreement between USPS and NALC to which Merrell's complaint refers sets a 14-day deadline for filing a grievance.  *See* Declaration of Olivia R. Singer, dated August 4, 2020, Exhibit A at 65 (Article 15, Section 2(a)) ("Any employee who feels aggrieved must discuss the grievance with the employee's immediate supervisor *within fourteen (14) days* of the date on which the employee or the Union first learned or may reasonably have been expected to have learned of its cause") (emphasis added).[1]  Thus, Merrell knew or should have known within 14 days of January 19, 2019 that no grievance was filed over management's alleged use of the wrong seniority date to deny his job assignment bid.  That means the

---

[1] The entire collective bargaining agreement is available on NALC's website, at https://www.nalc.org/workplace-issues/resources/agreemnt/National-Agreement-2016-2019.pdf.

statute of limitations accrued by late January 2019, far more than six months before he

filed suit in June 2020.[2]  Accordingly, Merrill's DFR claim against NALC is untimely.

## **CONCLUSION**

        For the foregoing reasons, NALC's motion should be granted, Merrell's

claim against NALC should be dismissed with prejudice, and NALC should be dismissed

from the lawsuit.

Dated: August 4, 2020
      St. Louis, MO

                    Respectfully submitted,

                    /s/ Marilyn S. Teitelbaum
                    Marilyn S. Teitelbaum (26074MO)
                    James I. Singer (28489MO)
                    SCHUCHAT, COOK & WERNER
                    555 Washington Ave, STE. 520
                    St. Louis, MO 63010
                    (314) 621-2626
                    mst@schuchatcw.com
                    jis@scuchatcw.com

                    Peter D. DeChiara (admitted pro hac vice)
                    Olivia R. Singer (admitted pro hac vice)
                    COHEN, WEISS and SIMON LLP

---

[2] NALC may rely on the collective bargaining agreement in this motion to dismiss because Merrell's complaint refers to and relies on it.  *See* Docket Entry #1-4, at "Statement of Claim" (Merrell alleging that "*Collective Bargaining Agreement* protections were violated.") (emphasis added).  *See, e.g. Moses.com Sec., Inc. v. Comprehensive Software Sys.*, Inc., 406 F.3d 1052, 1063 n.3 (8th Cir. 2005) (when deciding Rule 12(b)(6) motion, court considered press release mentioned in the complaint); *see also Brown v. Medtronic, Inc.*, 628 F.3d 451, 459–60 (8th Cir. 2010) (documents incorporated in complaint are part of the pleading for motion to dismiss purposes); *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 999 n. 4 (8th Cir. 2007) ("In assessing the adequacy of a complaint, we may consider documents incorporated by reference in the pleading").

900 Third Avenue, 21st Floor
New York, New York 10022-4869
(212) 563-4100
pdechiara@cwsny.com
osinger@cwsny.com

*Attorneys for Defendant National
Association of Letter Carriers*

## CERTIFICATE OF SERVICE

I, Marilyn S. Teitelbaum, hereby certify that on this 4th day of August, 2020, a copy of the foregoing document was filed via the Court's electronic filing system and a true copy was emailed and mailed via United States Mail, postage prepaid to the following non-participant in Electronic Case Filing:

Albert L. Merrell
205 Lillian Drive
Sikeston, MO 63801
Mrle_04@yahoo.com
*Pro Se Plaintiff*


 */s/ Marilyn S. Teitelbaum*
Marilyn S. Teitelbaum