United States District Court
Eastern District of Missouri
Southeastern Division

Albert L. Merrell                                                    Civil Action No.
     Plaintiff                                                          1:20-CV-00129-SNLJ

  vs

United States Postmaster General
Megan J. Brennan, National Assoc.
of Letter Carriers, American Postal
Workers Union
        Defendants

MOTION IN OPPOSITION OF MOTION TO DISMISS OF DEFENDANT NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL-CIO

Plaintiff, Albert Merrell, hereby submits its opposition to to defendants Motion to Dismiss the Complaint. The Plaintiffs complaint meets the standards governing the form of a complaint as required by Federal Rule of Civil Procedure 8(a). The Court has jurisdiction over the defendant and the complaint sufficiently alleges causation and harm. Accordingly motion should be denied.

1

Dated: August 9, 2020
    Sikeston, MO

…………………………………………
Albert L. Merrell
205 Lillian Drive
Sikeston, MO 63801
573-380-4768
mrle_04@yahoo.com

2

Prior to filing a Civil Action under Title VII of Civil Rights Act of 1964 (Age Discrimination in Employment Act of 1967) a Federal sector complainant must first exhaust the administrative process. EEO process began approximately November 2017 with final EEO action on April 18, 2020. Under (ADEA) Age Discrimination in Employment Act Civil Action is authorized within 90 days of Agency final action (4-22-20) 29 C.F.R. Section 1614.408. No party filed an administrative appeal.

The Commission (EEO) is empowered in actions vs. governmental organizations and Labor Unions. EEO did not make determination on employer or union actions until EEO final action. The 90 day authorization of Civil Action need apply to employer and union. Seniority date never changed until January 2018 during EEO process.

November 2017 job bid was a manual bid, with form provided by management. Postmaster and current NALC Steward were present, as in office computer was used to bid job November 2017. USPS online job bid system would not accept job bid. Manual bid form was used to bid job with August 21, 1993 seniority date. The manual bid with seniority date was accepted with job awarded. Postmaster with (NALC) knowledge changed seniority date with no notice to Plaintiff. Filing Civil action involving union concerning January 2018 action or January 2019 job bid could terminate EEO process.

Seniority date shown in Sikeston office as August 1993 since moving to office in February 2012. A grievance (APWU) concerning Collective Bargaining Agreement violations was filed from Charleston office prior to 2012. This lead to Global Settlement Remedy. Management in Sikeston office knew of grievance: No grievance concerning seniority date, as seniority date never changed until EEO process (January 2018). Seniority dates are handled  "Local" in USPS. A reason to know or should have known is not present. Arbitration involving Plaintiff, USPS, APWU, or NALC under unresolved issues of Global Settlement was never entered , with no timely exceptions.

NALC Steward and Postmaster were contacted and had prior knowledge concerning January 19, 2019 job bid. Forms were sent to EEO on January 21, 2019.

5

The January 2018 change of seniority date predetermined job bid of January 2019. Management and NALC were aware action would change results of job bidding; thus possible evasion of purpose of Age Discrimination in Employment Act. In previous talks with NALC Steward (September 2017) contact information for an APWU official was provided to enable understanding of Global Settlement.

Motion to dismiss does not consider governing Federal provisions such as administrative action (EEO). The completion of EEO process, (4-22-20) need in this case begin 6 month time frame (DelCostello v Teamsters 462 US 151). Federal statute of limitations for this cause of action would follow EEO 90 day authorization from final Agency action.

6

Seniority date change predetermined job bid of January 2019 and all issues routinely using seniority. Seniority date change makes an ongoing issue. On 6-26-20, 6-27-20 and 7-18-20 instances arose using seniority to determine working scheduled day off and force overtime. Every year seniority is used to determine vacations. Union Representatives, in this case, made lack of grievance and/or arbitration option known. This was not fair representation.

For the foregoing reasons and others discussed in Plaintiff's complaint, the present Motion to Dismiss should be denied.

I, Albert L. Merrell, certify that on August 10, 2020 a copy of this Motion In Opposition to Motion to Dismiss of NALC, was emailed to:

Marilyn S. Teitelbaum   mst@schuchatcw.com

James I. Singer            jis@schuchatcw.com

A copy was mailed via United States Mail to:

SCHUCHAT, COOK & WERNER
555 Washington Avenue, Ste. 520
St. Louis, MO 63101-1239

I, Albert L. Merrell, certify that on August 10, 2020 a copy of this Motion In Opposition to Motion to Dismiss of NALC, was emailed to:

Peter D. DeChiara        pdechiara@cwsny.com

Olivia R. Singer           osinger@cwsny.com

9

I, Albert L. Merrell, certify that on August 10, 2020 a copy of this Motion In

Opposition to Motion to Dismiss of NALC was emailed to the Court:

MOED_SRL_Filings@moed.uscourts.gov

Also mailed  August 10, 2020 via U.S. Mail to:

Rush Hudson Limbaugh Sr.
U. S. Courthouse
555 Independence Street
Cape Girardeau, MO 63703

……………………………………….
Albert L. Merrell
205 Lillian Drive
Sikeston, MO 63801
573-380-4768
mrle_04@yahoo.com

10