UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **ALBERT L. MERRELL** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:20-cv-00129-SNLJ |
| | ) |
| **MEGAN J. BRENNAN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant National Association of Letter Carriers, AFL-CIO's ("NALC") motion to dismiss, ECF #10. For the reasons that follow, NALC's motion will be **GRANTED**.

**I. BACKGROUND**

*Pro se* plaintiff, Albert Merrell, brings this suit against his employer, the United States Postal Service ("USPS"), alleging his seniority date was changed from August 1993 to November 2014, which "would [negatively] predetermine future job bids and not allow [his] seniority … to be used" to his benefit as he applied for better positions. He alleges he lost out on a "manual[] bid" in early 2019 after his 1993 seniority date "was not accepted" by "management with union cooperation and no valid cause."

As to NALC specifically, plaintiff says it "precluded [him] from griev[ing]" about his seniority date concerns. "NALC need[s to] be bound to grievance [procedures] for all members," he says. Beyond this, little explanation is given regarding NALC's purported "cooperation" with the USPS to frustrate his bidding efforts. The complaint does not even

1

raise a formal cause of action against NALC, other than to make a brief citation to "U.S. Code 5."

## II. ANALYSIS

Merrell's complaint is extremely unclear about the cause of action being made against NALC. "A pro se complaint must be liberally construed," and are "held to a lesser pleading standard." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). But, "the essence of an allegation [must still be] discernible, even though it is not pleaded with legal nicety." *Id*. To be sure, a "rambling [] complaint" that is more abstruse than lucid "fail[s] to comply with Federal Rule of Civil Procedure 8." *Williams v. Harmon*, 294 Fed.Appx. 243, 245 (8th Cir. 2008); *see also* FED. R. CIV. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). Here, it is not altogether clear what "U.S. Code 5" refers to—this Court's only clue as to the nature of Merrell's claims. Perhaps he meant Title 5 of the U.S. Code, but that contains the Freedom of Information Act, Privacy Act of 1974, Congressional Review Act, and other laws have nothing to do with this case. Given the confusion, this Court might ordinarily be predisposed to simply ordering Merrell to amend his complaint to clarify his case against NALC.

Yet, NALC makes an astute observation that his claim is doubtlessly one for breach of the duty of fair representation ("DFR") and, importantly, such a claim is time-barred pursuant to "[a] six-month statute of limitations appl[icable] to DFR claims." This Court agrees that the only fair reading of Merrell's complaint is that it is raising a DFR claim. *See, e.g., Cross v. United Auto Workers, Local 1762*, 450 F.3d 844, 846 (8th Cir.

2

2006) (treating union's failure to pursue grievance as a DFR claim); *Vaca v. Sipes*, 386 U.S. 171, 194 (1967) (union breaches its duty to fair representation where it "ignore[s]" a complaint or "processe[s] the grievance in a perfunctory manner"); *Stowers v. Donahoe*, 820 F.Supp.2d 993, 1000 (S.D. Iowa 2011) (treating action against NALC as a DFR claim where plaintiff alleged NALC failed to properly adjudicate a grievance). This Court also agrees with NALC that "[t]he statute of limitations on a DFR claim is six months." *Ayala v. United States Postal Office*, 727 Fed.Appx. 15, 17 (2d Cir. 2018) (citing *Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1492 (2d Cir. 1995); accord *Abernathy v. United States Postal Service*, 740 F.2d 612, 614 (8th Cir. 1984); *Wilcoxen v. Kroger Food Stores*, 723 F.2d 626, 627 (8th Cir. 1983). The limitations period "begins to run when the employee knows or reasonably should know that the union has breached tis duty of fair representation." *Becker v. Int'l Broth. of Teamsters Local 120*, 742 F.3d 330, 333 (8th Cir. 2014). And an "EEO complaint"—which Merrell says he filed in this case—"does not toll the statute of limitations." *Luttrell v. Runyon*, 3 F.Supp.2d 1181, 1190 (D. Kan. 1998); accord *Gilliland v. Air Line Pilots Ass'n Intern.*, 741 F.Supp.2d 1334, 1343 (N.D. Ga. 2009) ("[T]he limitations period for a DFR claim is not tolled by the filing of an EEOC charge of discrimination against the union."); *Youngblood v. Potter*, 262 F.Supp.2d 1309, 1315-1316 (M.D. Ala. 2003) (concluding Title VII claims and DFR claims provide "independent and separate options" to an aggrieved employee, such that an EEO charge filed in pursuant of the former does not affect the latter).

There are no facts in this case that would tend to place Merrell's claim within the six-month window prior to the filing of his complaint on June 10, 2020. (ECF #1). NALC

3

points out that "[t]he latest date that appears in [Merrell's] complaint is January 19, 2019, the date he allegedly bid on a position without success." Even before that date, though, Merrell says he "went to both in-office union stewards to ask for arbitration or grievance" about his seniority date "around [the] time the [']Global Settlement Remedy['] was finalized" on or about February, 2015. He was repeatedly told that "they would look into the situation" until he bid, and won, a position he "filled [on] 12-23-2017" that "used [his] August 1993 seniority date" (the appropriate date, according to plaintiff). Apparently, the grievance process worked—whatever transpired—as Merrell achieved, at least momentarily, the result he wanted with the rollback of his seniority date. Regardless, to the extent the seniority date became an issue again, there are no additional facts that Merrell sought to utilize the grievance process once more for the failed bid in 2019. Therefore, there is nothing to date NALC's alleged wrongdoings within the six-month limitation period; Merrell's claim is stale. Accordingly, being time-barred as it is, this Court will grant NALC's motion to dismiss the DFR claim raised against it.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendant National Association of Letter Carriers, AFL-CIO's motion to dismiss (ECF #10) is **GRANTED**. NALC is hereby dismissed from this case.

So ordered this 25th day of August 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE