UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ALBERT L. MERRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20 CV 129 SNLJ |
| ) | |
| LOUIS DEJOY, Postmaster General[1], ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Louis DeJoy's motion to dismiss or, in the alternative, motion for more definite statement. The Court will dismiss plaintiff's claim against defendant for breach of a collective bargaining agreement as time-barred and grant defendant's motion for more definite statement.

**I.     Background**

*Pro se* plaintiff Albert Merrell brings this suit against his employer, the Postmaster General of the United States Postal Service ("USPS"), for breach of a collective bargaining agreement based on an alleged wrongful change to his seniority date. Plaintiff alleges he bid on a position on January 19, 2019, but did not receive it based on "management with union cooperation and no valid cause (arbitration or grievance) changing my seniority date." Doc. #1-4. Plaintiff also sued the American Postal Workers Union ("APWU") and

---

[1] Louis DeJoy became the United States Postmaster General in June 2020. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Louis DeJoy is substituted for Megan J. Brennan as the defendant in this case.

1

National Association of Letter Carriers ("NALC") for breach of the duty of fair representation for failing to pursue arbitration or grievance processes for him based on the changed seniority date.  On motions, the Court dismissed APWU and NALC because plaintiff's Complaint showed the claims against them were barred by the applicable six-month statute of limitations.  *See Merrell v. Brennan*, 2020 WL 5017295 (E.D. Mo. Aug. 25, 2020) (slip copy).  Defendant DeJoy now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) based on the same six-month statute of limitations.  In the alternative, defendant asks that if the Court interprets plaintiff's Complaint to include employment discrimination claims, the Court order plaintiff to file a more definite statement of those claims.  *See* Fed. R. Civ. P. 12(e).

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). Rule 12(b)(6) dismissal is appropriate on a statute of limitations defense when "'the complaint itself establishes the defense.'" *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (quoting *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and

a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (cleaned up). Courts examine the "well-pleaded facts alleged in the complaint . . . to determine whether the pleading party provided the necessary notice and thereby stated a claim." *Id.* (quotation marks omitted). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). "A *pro se* complaint must be liberally construed," and *pro se* parties are "'held to a lesser pleading standard.'" *Topchian*, 760 F.3d at 849 (quoting *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)). But "a complaint should be found to raise a claim only if the essence of an allegation is discernable, even though it is not pleaded with legal nicety." *Topchian*, 760 F.3d at 854 (cleaned up).

### III.   Analysis

As noted, plaintiff's Complaint, though not clear, appears to allege that defendant breached a collective bargaining agreement by changing his seniority date and that the dismissed union defendants failed to represent him in arbitration or grievance processes regarding the changed seniority date. The Court agrees with defendant that, as with the claims against the dismissed union defendants, the applicable statute of limitations to borrow for the breach-of-collective-bargaining-agreement claim against USPS in this case is the six-month statute of limitations from section 10(b) of the National Labor Relations Act. *See* 39 U.S.C. § 1208(b); *see also DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 155, 158-170 (1983); *Fuqua v. Brennan*, 645 Fed. Appx. 519, 522 (7th Cir. 2016);

3

*Abernathy v. U.S. Postal Serv.*, 740 F.2d 612, 615-16 (8th Cir. 1984); *Gates v. U.S. Postal Serv.*, 622 F. Supp. 563, 565 (E.D. Mo. 1985).

As previously explained, "[t]here are no facts in this case that would tend to place Merrell's claim within the six-month window prior to the filing of his complaint on June 10, 2020." *See Merrell*, 2020 WL 5017295 at *2. The last date that appears in plaintiff's Complaint is January 19, 2019, when plaintiff claims he manually bid for a position but did not get it because his employer wrongfully changed his seniority date and the unions "precluded [him] from Grievance." Doc. #1-4; *see also Fuqua*, 645 Fed. Appx. at 522 (explaining six-month limitations period applies to claims under 39 U.S.C. § 1208(b) and "the clock starts running when the employee knows or should have known that no further action would be taken on his grievance" (quotation marks omitted)). Plaintiff argues his alleged seniority date change is a continuing violation. Even if the continuing violation doctrine applies, plaintiff's Complaint does not allege any facts about any ongoing issue after January 2019. *See Washington v. Serv. Employees Int'l Union*, 130 F.3d 825, 826 (8th Cir. 1997). Accordingly, the complaint itself establishes that the six-month statute of limitations bars plaintiff's breach of collective bargaining claim against his employer. *See Fuqua*, 645 Fed. Appx. at 522; *Abernathy*, 740 F.2d at 615. As a result, the Court will grant defendant's motion to dismiss to the extent it seeks dismissal of plaintiff's claim for breach of collective bargaining agreement as time-barred.

The Court will also grant defendant's motion for a more definite statement. Defendant asks that if the Court construes plaintiff's complaint to include claims for

4

violations of federal anti-discrimination statutes, plaintiff should be ordered to file an amended complaint with a clear statement of any such claims. A complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). A party can move for a more definite statement when a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response" or when pleadings are unintelligible. *See* Fed. R. Civ. P. 12(e); *Brown v. Dept. of Veterans Affairs*, 2015 WL 6149232 at *2 (W.D. Mo. Oct. 19, 2015) (unreported). The Court has discretion to determine whether to grant a Rule 12(e) motion. *See Burgie v. Hannah*, 407 Fed. Appx. 84, 85 (8th Cir. 2011) (unpublished).

Plaintiff gives no clear indication in his Complaint or its attachments that he is bringing an employment discrimination claim. The only clue is in an attachment to the Complaint titled "Basis for Jurisdiction," where plaintiff refers to an EEOC case number for "Albert Merrell V Megan J. Brennan United States Postal Service." Doc. #1-2. Plaintiff did not include any materials from that EEOC case with his Complaint and does not plead any facts in his Complaint about any alleged discrimination. *See Topchian*, 760 F.3d at 848 (explaining a court should examine the facts alleged in the complaint, "not the legal theories of recovery or legal conclusions identified therein," to determine whether it states a claim). Plaintiff's Complaint does not give defendant fair notice of any employment discrimination claim or the factual basis for any such claim. *See id*.

In response to defendant's motion, plaintiff filed an opposition brief and a surreply, which he asked the Court to accept as more definite statements. These filings, though still

5

vague, and not a substitute for an amended complaint, indicate plaintiff may be attempting to bring discrimination claims based on age or retaliation related to his EEOC case, his seniority date change, and awarding of positions to younger employees.

Upon review of plaintiff's responses to defendant's motion, and in an abundance of caution considering plaintiff's *pro se* status, the Court finds defendant's motion for more definite statement should be granted. *Cf. Swierkiewicz*, 534 U.S. at 514. The Court will direct the Clerk's office to send plaintiff an employment discrimination complaint form. If plaintiff seeks to bring employment discrimination claims against defendant, plaintiff must file an amended complaint within 30 days that includes a clear statement of what plaintiff's discrimination claims are and the facts supporting them, such as dates, names, and circumstances. If plaintiff does not wish to assert employment discrimination claims or otherwise does not file an amended complaint within 30 days in accordance with this Order, the Court will dismiss this action without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement [Doc. #35] is **GRANTED in part**, as detailed in this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant based on breach of a collective bargaining agreement are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk's office is directed to forward an employment discrimination complaint form to plaintiff.

**IT IS FURTHER ORDERED** that if plaintiff is asserting employment discrimination claims against defendant, plaintiff must file an amended complaint regarding any such claims, in accordance with this Memorandum and Order, no later than January 13, 2022.  If plaintiff does not file an amended complaint by that date, this action will be dismissed in its entirety without further notice.

Dated this 14th day of December, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE