# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ALBERT L. MERRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-CV-129-SNLJ |
| | ) |
| LOUIS DEJOY, | ) |
| Postmaster General of the United States | ) |
| Postal Service, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Albert L. Merrell, pro se, is suing the Postmaster General Louis DeJoy and his employer, the United States Postal Service ("USPS"), for alleged violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended 29 U.S.C. §§ 621, *et seq*. [Doc. 43.] Plaintiff alleges that defendant interfered with his ability to bid for jobs online, that defendant altered his "seniority date," that defendant caused an issue for a leave without pay adjustment, and that defendant has caused plaintiff to lose out on desirable positions. [Doc. 43.] Plaintiff's first motion for summary judgment was denied. [Doc. 59.] This is plaintiff's second motion for summary judgment. [Doc. 62.] Defendant filed a response. [Doc. 63, 64.] Plaintiff did not file a reply, and the time to do so has now passed.

### A.   Factual Background

Plaintiff originally sued the USPS for breach of a collective bargaining agreement based on an alleged wrongful change to his seniority date. [Doc. 1]. He also sued the National Association of Letter Carriers and the American Postal Workers Union for breach of the duty of fair representation for failing to pursue arbitration or grievance processes for him. *Id.* These other claims and defendants were dismissed as time barred. [Doc. 17, 27, 42.] The only remaining claim is plaintiff's ADEA claim.

Plaintiff was born in 1963, making him 57 years old when he filed his lawsuit. He alleges that he was transferred from a post office in Charleston, Missouri to one in Sikeston, Missouri. [Doc. 62 at 6]. Plaintiff claims that he had a "seniority date" of August, 21, 1993, but that, upon transferring, his date was changed to November 15, 2014. *Id.* at 8. Because of this change in seniority date, the USPS online tool used by employees to bid for certain positions would not accept plaintiff's bid, or otherwise made it more difficult for plaintiff to bid for and obtain the jobs he wanted. Plaintiff submitted a complaint to the U.S. Equal Employment Opportunity Commission ("EEOC"), and the EEOC gave plaintiff a notice of the right to sue. *See* [Doc. 3, at ¶¶ 6–9]; EEOC Decision No. 4E-640-0018-18. Plaintiff makes new claims that plaintiff was also harassed at work by his supervisors and that he faced a hostile work environment. [Doc. 62 at 12–13.]

This is plaintiff's second motion for summary judgment. The Court denied plaintiff's first motion for summary judgment on the basis that plaintiff failed to meet the procedural requirements set by the local rules and he failed to establish a prima facie case for age discrimination. [Doc. 48, 59] In the Order, the Court invited plaintiff to make

2

another motion after the parties had exchanged more information and further developed a record. [Doc. 59 at 6.]   The Court advised plaintiff to file a separate Statement of Uncontroverted Material Facts that contains numbered paragraphs with citations to the record and to attach documents supporting his claim.  [Doc. 59 at 6.]

### B. Legal Standard

Under Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be genuinely disputed can support this assertion by citing to "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in the record.  Fed. R. Civ. P. 56(c)(1)(A).  The moving party bears the burden of showing there is no dispute of material fact. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).  After the moving party discharges this burden, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson,* 477 U.S. at 248).  A party resisting

summary judgment has the burden to designate the specific facts that create a triable controversy. *See Crossley v. Georgia–Pacific Corp.,* 355 F.3d 1112, 1114 (8th Cir. 2004).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986) ; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

### C.   Discussion

"The ADEA prohibits discrimination against employees, over the age of 40, because of their age." *Holmes v. Trinity Health*, 729 F.3d 817, 821 (8th Cir. 2013) (citations omitted). The plaintiff bears the burden to prove by a preponderance of the evidence that age was the but-for cause of discrimination. *Canning v. Creighton Univ.*, 995 F.3d 603, 611 (8th Cir. 2021). Without direct evidence of discrimination, the plaintiff may use indirect evidence to establish an inference of discrimination under the *McDonnell Douglas* burden-shifting framework. *Id.* at 611 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Under this framework, a prima facie case of age discrimination requires the plaintiff to show "(1) the plaintiff is over 40 years old; (2) the plaintiff met the applicable job qualifications; (3) the plaintiff suffered an adverse employment action; and (4) there is some additional evidence that age was a factor in the employer's termination

4

decision." *Id.* at 611 (cleaned up).  Once the plaintiff establishes his prima facie case, the burden shifts to the defendant-employer to give a legitimate, nondiscriminatory reason for the adverse action.  *Id.*  If the defendant gives such a reason, then the plaintiff must show that the defendant's reason was pretext for discrimination.  *Id.*  Plaintiff fails to establish his prima facie case against defendant that would entitle him to the damages he seeks.

First, both plaintiff's amended complaint and his second motion for summary judgment are difficult to understand.  Plaintiff's writing style is not clear and makes for hard reading.  Throughout his motion, plaintiff complains that defendant violated portions of an unspecified collective bargaining agreement.  *See e.g.*, [Doc. 62 at 3–5.]  The Court has already dismissed plaintiff's claims against defendant based on a breach of a collective bargaining agreement.  [Doc. 42.]  Nor does plaintiff show that any such breach was related to his age discrimination claim.  Therefore, the Court will not consider plaintiff's claims of a breached collective bargaining agreement.

Next, while plaintiff has included a section dubbed "Statement of Uncontroverted Material Facts," he has again failed to comply with Local Rule 4.01(E), which requires that this section   show "how each fact is established *by the record*, with *appropriate citation(s)*." (emphasis added); *see also* Fed. R. Civ. P. 56(c)(1)(A).  Plaintiff provides no citations to the record that would establish his facts as true.  Indeed, the only "record" plaintiff has made—aside from his own pleadings—are five photocopies of what appear to be job postings for mail carriers.  [Doc. 61.]  Setting aside the foundation requirements of the Federal Rules of Evidence, these records do not show how plaintiff was discriminated based on his age or that he ever faced any of the complained-of harassment.  As defendant

5

note, plaintiff's failure to provide appropriate record citations hampers both defendant's and this Court's ability to address plaintiff's argument. [Doc. 63 at 4.] Thus, plaintiff has failed to show how the record supports any of his statements of fact.

As to plaintiff's allegations, he has failed to show that he is entitled to judgment as a matter of law. Defendant has shown that there is a dispute as to nearly all material facts; facts that still need to be developed through discovery. Plaintiff's conclusory allegations cannot support a motion for summary judgment. *Quinn v. St. Louis Co.*, 653 F.3d 745, 752 (8th Cir. 2011).

Next, plaintiff regurgitates his conclusory allegations that any adverse employment actions were a result of age discrimination without providing any evidence to support his conclusory allegations. *Id.* at 16. As such, plaintiff has failed to show how he is entitled to summary judgment or to his listed remedies. *Quinn v. St. Louis Co.*, 653 F.3d 745, 752 (8th Cir. 2011) (stating that conclusory allegations cannot form the basis for granting a motion for summary judgment). Plaintiff's citations to case law, [Doc. 62 at 1–2, 11–12], do not help him because he fails to analyze how those cases relate to the facts of his case or why the cases form a basis for relief. Even then, as defendant points out, plaintiff's cited cases were superseded by statute. *General Dynamics Land Systems, Inc. v. Cline*, 540 U.S. 581, 594 n.7 (2004) (citing *United Air Lines, Inc. v. McMann*, 434 U.S. 192 (1977)) (establishing that Congress had superseded *McMann* by statute). Plaintiff is reminded to address and prove the *McDonald Douglas* elements for age discrimination, or his claim will fail.

6

Beyond these defects, plaintiff has little discussion of an age discrimination cause of action in his motion. Instead, plaintiff focuses on listing his grievances and instances of harassment rather than argue or show how this was age discrimination. For instance, many of plaintiff's factual allegations are not material to this Court's determination of summary judgment because they are untimely. This Court previously dismissed plaintiff's claim for breach of a collective bargaining agreement as time barred. [Doc. 42.] Merrell cannot sneak that already-dismissed claim into his present motion. *See Morris v. Am. Nat. Can Corp.*, 988 F.2d 50, 52 (8th Cir. 1993) (the law of the case doctrine prevents the relitigation of settled issues of law). Plaintiff's other allegations that pre-date October 10, 2017 were already deemed untimely by the EEO Services Analyst that investigated his administrative claim. [Doc. 43-2 at 18.] Therefore, those allegations do not establish his entitlement to judgment as a matter of law. *See Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323,1331 (8th Cir. 1995) (Finding plaintiff's "failure to file a timely EEOC charge to be dispositive").

Lastly, plaintiff alleges that defendant's conduct is actionable harassment. But plaintiff's complaints do not approach the level of actionable harassment that is "both subjectively hostile or abusive to the victim and severe and pervasive enough to create an objectively hostile or abusive work environment – an environment that a reasonable person would find hostile or abusive." *See Shaver v. Independent Stave Co.*, 350 F.3d 716, 721 (8th Cir. 2003) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993)). In any event, plaintiff has failed to show that there is no dispute of material facts on this issue.

7

In sum, plaintiff's second motion for summary judgment looks and reads like another complaint. There is little to distinguish this motion from plaintiff's prior motion or his prior complaints. Because plaintiff's second motion is so similar to his past filings, the Court will not belabor points already made. The Court directs plaintiff to comply with Local Rule 4.01 and Federal Rule of Civil Procedure 56 and to build a record that can confirm what plaintiff is saying: this means obtaining documents, texts, emails, testimony, affidavits, depositions, and the like that confirms plaintiff's side of things. Plaintiff needs proof. The Court will look unkindly on any other motion for summary judgment plaintiff may file if he does not support the motion with record evidence. Without such evidence, any additional motions will be summarily rejected based solely on Local Rule 4.01.

As it has done in the past, the Court encourages plaintiff to make every effort to obtain a lawyer to represent him. Otherwise, plaintiff will be at a distinct disadvantage in presenting his case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment [Doc. 62] is DENIED.

Dated this 17th day of November, 2022.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE