UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ALBERT MERRELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:20-CV-129-SNLJ ) |
| LOUIS DEJOY | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

Plaintiff Albert L. Merrell, pro se, is suing his employer, Postmaster General Louis DeJoy and the United States Postal Service ("USPS"), for alleged violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended 29 U.S.C. §§ 621, *et seq*. [Doc. 43.] Plaintiff alleges that defendant altered his "seniority date," which causes plaintiff to lose out on his desired mail routes to the benefit of younger employees. [Doc. 43.] Plaintiff filed two motions for summary judgment, [Doc. 48, 62.] which were denied. [Doc. 59, 65.] Defendant now brings its motion for summary judgment. [Doc. 66.] The motion is fully briefed and ripe for resolution.

I.  **Factual Background**

Defendant filed a statement of uncontroverted material facts, which plaintiff did not respond to in accordance with Local Rule 4.01(E). That rule requires that every memorandum in opposition to a motion for summary judgment be accompanied by a

1

Response to Statement of Material Facts, which must set forth each relevant fact that the party contends a genuine issue exists and support that issue with specific citations to the record. *Id.* Because plaintiff did not specifically controvert defendant's statement of facts, he is deemed to admit defendant's facts.

Plaintiff has worked for the USPS since August 1993. He originally joined as a mail clerk in Post Office in Charleston, Missouri. Because of a post office consolidation plan, his Charleston position was eliminated, and he needed to apply for other positions in different post offices. Plaintiff does not allege that this consolidation plan was based on age discrimination. He applied to work in Sikeston, both as a clerk and as a city carrier. On February 3, 2012, plaintiff was informed that he would be accepted as a city carrier at the Sikeston office, effective February 25, 2012. He accepted the transfer.

The USPS uses a seniority date system among employees based on the length of time an employee has been in a certain craft position, and not how long an employee has been employed by the USPS. The seniority date system advantages employees who have been in a position for longer periods of time. It determines which employees have priority in having to work overtime (with less senior employees being required to work overtime first); prioritizing which employees get to request vacation dates (with more senior employees getting priority in choosing vacation days); and prioritizing employee bidding on mail routes (mail routes go to the most senior employee that bid for that position). Plaintiff thinks that his seniority date should be August 21, 1993, the day he first started working for the USPS. His seniority date was changed to February 25, 2012 when he transferred to Sikeston as a city carrier.

Plaintiff says that at the time he transferred, he knew that voluntary craft changes—like changing from a clerk to city carrier—would change his seniority date. [Doc. 68-1 at 18.] Despite signing a letter acknowledging his acceptance of a voluntary craft transfer, plaintiff argues that his transfer was involuntary because he thought that he had to accept the reassignment "to not be insubordinate." *Id.* at 25. He recognized that had he not gotten a craft change, he would have lost his job in the consolidation plan. *Id.* at 33–34. He thinks that his employer changed his seniority date so that younger city carriers would have priority in choosing their favored routes. [Doc. 68-1 at 105–06.]

On February 26, 2018, plaintiff filed an Equal Employment Opportunity ("EEO") complaint alleging age discrimination based on an incorrect seniority date. [Doc. 68-3.] The investigation letter stated that only plaintiff's ongoing problem with his seniority date would be investigated. [Doc. 68-4.] The letter invited plaintiff to provide a written response if he did not agree with the scope of the accepted issue, which plaintiff did not do. Ultimately, plaintiff did not get his requested relief from the EEO investigation.

Though not mentioned in his EEO complaint, plaintiff complains that he faced workplace harassment and retaliation. [Doc. 68 at ¶¶ 35–36.] Also, he claims he faced harassment from supervisors because of his age.

Plaintiff admits that he has not ever been formally disciplined by supervisors. [Doc. 68 at ¶ 23.] His job title, pay, and job duties have remained the same since he filed his EEO complaint in November 2017. *Id.* at ¶¶ 25–31. Plaintiff thinks that his transfer to the Sikeston office and corresponding change in seniority date breached a collective bargaining agreement and constitute a continuing violation. This Court has dismissed this claim of

breach as time barred. [Doc. 42.] Likewise, plaintiff is not allowed to raise allegations of discrimination before October 10, 2017 because those claims were deemed untimely during the administrative proceedings. [Doc. 65 at 7.]

## II. Legal Standard

Under Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.,* 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson,* 477 U.S. at 248).

A party resisting summary judgment has the burden to designate the specific facts that create a triable controversy. *See Crossley v. Georgia–Pacific Corp.,* 355 F.3d 1112, 1114 (8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir. 1993). The "mere existence of a scintilla of evidence in support of

4

the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005) (internal citation omitted)

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

### III. Discussion

In addition to his claim for age discrimination, plaintiff also introduces claims that he was subjected to retaliation and harassment.

#### A. Age Discrimination

To prevail on his claims without direct evidence of age discrimination, plaintiff must show sufficient indirect evidence to create an inference of discrimination under the *McDonnell Douglas* burden shifting framework. *McMullen v. Missouri Sch. for Severely Disabled*, No. 1:22-CV-101-SNLJ, 2022 WL 4760216, at *2 (E.D. Mo. Oct. 3, 2022). "Under this framework, a prima facie case of age discrimination requires the plaintiff to show (1) the plaintiff is over 40 years old; (2) the plaintiff met the applicable job qualifications; (3) the plaintiff suffered an adverse employment action; and (4) there is some additional evidence that age was a factor in the employer's [adverse] decision."

5

*Canning v. Creighton Univ.*, 995 F.3d 603, 611 (8th Cir. 2021) (cleaned up).  Once the plaintiff establishes his prima facie case, the burden shifts to the defendant-employer to give a legitimate, nondiscriminatory reason for the adverse action.  *Id.*  If the defendant gives such a reason, then the plaintiff must show that the defendant's reason was pretext for discrimination.  *Id.*

Defendant argues that plaintiff fails to show that he suffered an adverse employment action or that age was a factor in that action.  Plaintiff counters that the adverse employment action is his change in seniority date, which impacts his ability to get his desired routes, work hours, and vacation time.  As recognized by other courts, "[s]eniority dates are the marker or order by which USPS employees are able to bid on other USPS positions, take annual leave, and receive other benefits of their jobs." *Robinson v. Donahoe*, 957 F. Supp. 2d 1119, 1123 (D.S.D. 2013).  The Eighth Circuit held that a plaintiff suffered an adverse employment action because of an improper seniority date when she could not bid for her desired mail route that "offered the opportunity to work many more hours per week." *Dodd v. Runyon*, 114 F.3d 726, 728 (8th Cir. 1997).  The court in *Dodd* even viewed the ability to bid on favored routes as a type of promotion.  *Cf. id.* at 730–31 ("It  follows that a reasonable jury could find that the Postal Service *promoted* a younger man not because of the operation of a bona fide seniority system, but because of intent to discriminate based upon [age.]") (emphasis added).  Thus, contrary to defendant's argument, an improper change to plaintiff's seniority date is an adverse employment action as it affects whether he will have to work overtime, whether his mail route will be "mounted" or on foot, and whether he will get his preferred vacation days.  Furthermore, if plaintiff's seniority date

6

was wrongly changed so as to give younger employees seniority over him, then he suffers a continuing violation because younger employees continue to outbid him for his preferred mail routes. [Doc. 68 at ¶¶ 21–22.]

The only remaining element of plaintiff's prima facie case is whether plaintiff's age played a factor in keeping his seniority date as February 2012, and not plaintiff's preferred seniority date of August 1993. "Generally, employment decisions motivated by factors other than age (such as retirement eligibility, salary, or seniority), even when such factors correlate with age, do not constitute age discrimination." *Hilde v. City of Eveleth*, 777 F.3d 998, 1006 (8th Cir. 2015) (cleaned up). The USPS's use of a bona fide seniority system—whereby employees with earlier start dates get priority—is legitimate, and not age-based discrimination. *Dodd*, 114 F.3d at 730. Plaintiff agrees that a seniority date is not necessarily tied to an employee's age. [Doc. 68-1 at 68.]

When plaintiff transferred from a clerk at the Charleston Post Office to city carrier at the Sikeston office, he knew that a voluntary craft change results in a change to an employee's seniority date. It is undisputed that on February 25, 2012, plaintiff changed positions from clerk to city carrier. Plaintiff's only contention is that his transfer was not "voluntary" because he transferred to avoid appearing "insubordinate." The parties agree that plaintiff needed to look for other positions within USPS because his position at the Charleston office was going to be eliminated due to the ongoing consolidation plan, and plaintiff does not argue that this plan was based on or pretext for age discrimination. It is beyond dispute that the USPS can lawfully reduce the workforce at its post offices based on workflow and staffing needs. *See Robinson*, 957 F. Supp. 3d at 1130. Plaintiff also

7

agrees that if his transfer was voluntary, then his seniority date should be changed to the date of his transfer.  [Doc. 68-1 at 29.]

First of all, plaintiff does not provide any authority that explains why his transfer should not be considered "voluntary" beyond his own conclusions to the contrary.  *See Quinn v. St. Louis Cnty.*, 653 F.3d 745, 752 (8th Cir. 2011) (noting that conclusory allegations are insufficient to create factual dispute).  He also admits that he has no evidence or basis of knowledge for why any of his supervisors would think that his transfer was involuntary.  [Doc. 68-1 at 96–97.]  The transfer acceptance letter shows that plaintiff requested reassignment to Sikeston to be a city carrier.  [Doc. 68-2].  It also indicates that the reassignment would lead to a craft change, and plaintiff said that he knew this on transferring.  *Id.*  The letter also says that his reassignment date was February 25, 2012, which matches his current seniority date, and he signed the letter accepting reassignment. *Id.*  In fact, plaintiff said that his union, the National Association of Letter Carriers, had told him since he first transferred that his transfer was voluntary, and the union told the Sikeston postmaster that his transfer was voluntary.  [Doc. 68-1 at 96–97.]  The record establishes that plaintiff's acceptance of the city carrier position was voluntary, even if he found it undesirable, as he was the one who applied for the position and accepted it.

Because plaintiff's transfer was voluntary, his seniority date was properly changed. In his deposition, plaintiff admits to knowing that his official seniority date changed in February 2012, but he thought that this was simply a mistake that would be resolved later. [Doc. 68-1 at 35–36, 96–97.]  Plaintiff may think that his seniority date should be different, but his supervisors were not mistaken in believing that he voluntarily changed crafts.  As

8

defendant points out, it looks like plaintiff is trying to repackage his claim for breach of a collective bargaining agreement based on his transfer and change of seniority date as an age-discrimination claim, but the Court already ruled that his claim for breach of a collective bargaining agreement is time-barred. [Doc. 42.]

Furthermore, unlike the plaintiff in *Dodd*, 114 F.3d 726, plaintiff was never outbid by a younger employee with a later seniority date; he was only ever outbid by employees with earlier seniority dates. [Doc. 68 at ¶ 21–24.] As a result, plaintiff did not show how he was treated any differently from any other employee because all the carriers underwent the same bidding process. *See Robinson v. Am. Red Cross*, 753 F.3d 749, 755–56 (8th Cir. 2014) (affirming summary judgment when plaintiff failed to show disparate treatment between similarly situated employees).

Nevertheless, and contrary to his own testimony, plaintiff also says that his seniority date was not changed until January 2018. To prove this, he provides a printout that he claims is a spreadsheet listing the names of Sikeston Post Office employees and their respective seniority dates. [Doc. 71-3.] On this printout, plaintiff's seniority date is listed as August 21, 1993. But even if his seniority date was displayed in the office as August 21, 1993 during the relevant time period, his proper seniority date is February 25, 2012 because he voluntary transferred to a different craft. If anything, plaintiff's supervisors would be justified in changing his seniority date if it were any date other than February 25, 2012 because that is his proper seniority date. Accordingly, summary judgment will be granted to defendant on plaintiff's claim for age discrimination.

B. <u>Retaliation</u>

Plaintiff's claim for retaliation also fails. First, plaintiff failed to exhaust administrative remedies with the EEO before bringing a retaliation claim. Retaliation claims are not reasonably related to underlying discrimination claims, and a plaintiff must specifically allege retaliation in an administrative complaint to consider the claim properly exhausted. *Slayden v. Ctr. For Behav. Med.*, 54 F.4th 464, 468 (8th Cir. 2022). In his EEO complaint, plaintiff did not mark the box indicating that he was bringing a retaliation claim, nor did he describe any facts that would suggest a claim for retaliation. [Doc. 68 at ¶ 36.] For that reason alone, plaintiff's claim is barred because he failed to exhaust administrative remedies. In response, plaintiff cites a number of cases as to why his retaliation claim can be raised for the first time in court, but defendant has shown that these cases are inapposite because they are not from this circuit or are foreclosed by circuit precedent. [Doc. 72 at 7–10.]

Even on the merits, plaintiff's retaliation claim would fail. To prove retaliation, plaintiff must show that (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. *Sowell v. Alumina Ceramics, Inc.*, 251 F.3d 678, 684 (8th Cir. 2001). Plaintiff is claiming that his seniority date problems are the basis of both the underlying discrimination raised in his EEO complaint *and* the retaliation that resulted from filing the EEO claim. [Doc. 72 at 10.] More broadly, he also argues he faced retaliation for "stand[ing] up" about his seniority date, [Doc. 68-1 at 125–26], but he also admits that he does not know if management ever took steps to penalize him for speaking

10

up. *Id.* at 127. Instead, he complains that management is still using "the same process, the same system," despite his complaints. *Id.* at 127. He also argues, for the first time, that his seniority date was not changed until *after* he filed his EEO complaint, the same complaint where he alleged age discrimination based on changes to his seniority date. [Doc. 71 at 5, 7.] He does not explain this inconsistency.

In any event, there is no evidence showing retaliation because the alleged adverse employment action—the seniority date change—occurred when he transferred crafts, which is years before he started complaining to management and before he filed his EEO complaint. *See Erenberg v. Methodist Hosp.*, 357 F.3d 787, 793 (8th Cir. 2004) (no causal connection to show retaliation when plaintiff is treated the same both before and after the alleged act of retaliation). Also, plaintiff agreed that if his transfer was voluntary—which it was—then his seniority date would rightly be February 25, 2012. So even if his supervisor did change his seniority date from August 1993 to February 2012, this would have *corrected* plaintiff's seniority date to what it should have been. For these reasons, summary judgment will be granted to defendant on plaintiff's retaliation claim.

### C. Hostile Work Environment

Plaintiff also makes a claim for hostile work environment based on age, which he characterizes as a claim for harassment. Like with plaintiff's claims for retaliation, he did not claim any instances of harassment in his original EEO complaint, nor did the EEO investigate these instances. Accordingly, those claims are barred because he failed to exhaust administrative remedies.

In any case, plaintiff does not meet this circuit's high bar for actionable harassment for a Hostile Work Environment Claim.  *See generally*, *McBride v. AgXplore*, No. 1:21-CV-41-SNLJ, 2023 WL 1927242, at *5–7 (E.D. Mo. Feb. 10, 2023).  Actionable harassment "must be both subjectively hostile or abusive to the victim and 'severe and pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive.'"  *Shaver v. Indep. Stave Co.*, 350 F.3d 716, 721 (8th Cir. 2003) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993)).  Here, plaintiff alleges that he faced harassment when he felt his supervisors unjustly criticized him for his job performance and when they subjected him to unwanted supervision, which is not harassment.  Mere "instances of a subordinate employee being subjected to the criticism and control of a supervisor" are not harassment.  *Hannoon v. Fawn Eng'g Corp.*, 324 F.3d 1041, 1047–48 (8th Cir. 2003).

Plaintiff also accuses one of his supervisors of making up a story about him trying to drive off to avoid supervision on a mail route, which he claims was made in attempt to discipline him.  Regardless of whether this is true, plaintiff admits that there has never been any formal discipline against him, not even a letter of discipline.  [Doc. 68 at ¶¶ 25–26.]  Thus, there was no change in working conditions.  In fact, plaintiff even admits that he has never heard any person in management make discriminatory comments about another person's age.  [Doc. 68-1 at 114.]

Finally, plaintiff brings untimely complaints about a 2015 incident when a supervisor yelled at him and a 2016 incident about some difficulty on the use of his sick leave.  Because these complaints are untimely, they cannot be considered.  *Miller v.*

12

*Runyon*, 32 F.3d 386, 390 (8th Cir. 1994). There being no behavior that counts as actionable harassment based on age, summary judgment will be granted on plaintiff's hostile work environment claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Doc. 66] is **GRANTED** as to all claims. A separate judgment shall accompany this order.

Dated this 14th day of March, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE